95 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louise AMOS, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 96-3185.
 United States Court of Appeals, Federal Circuit.
 Aug. 7, 1996.
 
 Before RICH, NEWMAN, and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Louise Amos requests review of the final decision[1] of the Merit Systems Protection Board, CH0752950995I1, affirming her removal from her position at the Hines, Illinois Medical Center. Discerning no reversible error in the Board's decision, we affirm.
 
 BACKGROUND
 
 2
 Because of a pattern of absences, Ms. Amos was told on December 12, 1994 that all future sick leave periods would require an acceptable Physician's Statement of the reasons for the absence. Ms. Amos was removed from her position when the agency found that she had repeatedly submitted falsified medical notes to support her requests for sick leave on ten dates during the period between December 27, 1994 through June 7, 1995. Ms. Amos had submitted documents bearing the names of Doctors Sajor and Gopal stating that they had seen Ms. Amos and had treated her for various ailments which prevented her from going to work. Upon investigation, the agency determined that the documentation was falsified. Doctors Sajor and Gopal provided letters and affidavits to the effect that Louise Amos has never been their patient and that they had never given her documentation supporting sick leave. Ms. Amos stated that she obtained the documentation from Denise McDuffie, an employee of Doctors Sajor and Gopal, whom she had paid for the office visits. Doctor Sajor stated that the handwriting on the documents appeared to be that of Ms. McDuffie, and that Ms. McDuffie had been terminated for misconduct.
 
 DISCUSSION
 
 3
 The decision of the Board is reviewed to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).
 
 
 4
 Ms. Amos argues that the Board erred in holding that her removal was based "on her submission of falsified medical notes" because the agency's letter of proposed removal charged her with "Falsification of Attendance Record and Falsification of Documents Submitted in Support of her Request for Leave." Ms. Amos states that the agency failed to produce attendance records falsified by her, or evidence that she personally falsified the documents.
 
 
 5
 The administrative judge presented a detailed analysis of the agency's support of its falsification charge, and found that Ms. Amos knowingly submitted false information with specific intent to defraud or mislead the agency. The agency was not required to prove that Ms. Amos falsified the medical documentation herself. It sufficed that she knew that the documentation was false when she submitted it to the agency. As the administrative judge stated, "appellant should know whether she was examined or treated by Dr. Sajor or Dr. Gopal on the dates she obtained the challenged medical documentation."
 
 
 6
 The Board correctly upheld Ms. Amos' removal based on the charges brought. It was not necessary that the administrative judge use the same words used by the agency, when the nature of the wrongdoing was clear, and clearly stated. The Board's decision must be affirmed.
 
 
 
 [1]
 The initial decision of November 30, 1995 became final on February 29, 1996 when the full Board denied Ms. Amos' petition for review